SAM KINCAID v. THE STATE.

No. 5898.   Decided October 13, 1920.

1.—Murder—Manslaughter—Sufficiency of the Evidence.

Where, upon trial of murder and a conviction of manslaughter, the evidence was sufficient to support the conviction, under a proper charge of the court, there is no reversible error.

2.—Same—Evidence—Gambling.

The facts that the parties were engaged in gambling with cards was one of the incidents leading up to the homicide, and was properly admitted in evidence.

Appeal from the District Court of Lamar.  Tried below before the Honorable Ben. H. Denton.

Appeal from a conviction of manslaughter; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—Cited Gomez v. State, 170 S. W. Rep., 711; Chalk v. State, 35 Texas Crim. Rep., 116; Johnson v. State, 61 id., 635.

MORROW, JUDGE.—The appellant killed E. O. Williams, was indicted for murder, and convicted of manslaughter.

The homicide took place at the home of deceased during the nighttime.  The appellant, deceased and his brother, and others had on the day preceding the homicide been engaged in gambling at a point several miles from the home of deceased.  Deceased was a loser in the game of cards, and borrowed from the appellant fifty dollars with which to re-enter the game, pledging his horse to the appellant for security.  The appellant took possession of the horse, and sent it to the home.  Subsequently, the deceased and his brother got possession of the horse without the consent of appellant.  Learning that they had done so, the appellant followed them.  The State's version of the immediate incidents of the killing are given by a witness who was at the home of the deceased, who claims that during the night, before the return of deceased, someone called for him and was informed that he was not at home.  Later, the witness was awakened by deceased, who struck a light in the room and was called to the door by someone on the outside.  A conversation ensued, which the witness only partly understood.  In it the appellant said: "I came after him."  Deceased replied: "Well, get him; he is out there."  The report of two shots immediately followed, accompanied or followed by the words: "Damn you, you won't run," and the deceased came into the room wounded.  He was shot once in the side and once in the back, both shots entering the heart.

The version of appellant is that he called the deceased but once; that he told him he had come for his horse, and deceased told him that he was in the possession of his brother, and could not be obtained; that deceased stepped behind a post, and appellant, believing he was armed and intended to shoot, fired for his own protection.  There was evidence that appellant had been informed that deceased and his brother had threatened to kill him if they were followed.

The issues, including the law of self-defense, were submitted to the jury in a charge, the correctness of which is not assailed.

The fact that the parties were engaged in gambling at cards was one of the incidents leading up to the homicide, and was properly admitted in evidence.

Finding no error in the record, the judgment is ordered affirmed.

*Affirmed.*